UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| CLAUDIA BALLESTAS and ) | CIVIL ACTION NO. |
| MOISES HERNANDEZ ) | |
|     Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| THE HARTFORD AUTO GROUP, INC. ) | |
| D/B/A BARBERINO MITSUBISHI-HARTFORD ) | |
|     Defendant ) | |
| _____ ) | MARCH 9, 2017 |

## COMPLAINT

### I. INTRODUCTION

1.  This is a suit brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§ 1681 *et seq.*, and the Connecticut Unfair Trade Practices Act against The Hartford

Auto Group, Inc. d/b/a Barberino Mitsubishi Hartford ("Barberino") in connection with the

sale of a motor vehicle.  Plaintiffs bring this action to recover actual damages, punitive

damages, and reasonable attorney's fees and costs.

### II. PARTIES

2.  Plaintiff, Claudia Ballestas ("Ballestas"), is a natural person residing in

Hartford, Connecticut, and she is a "consumer" as that term is defined by the FCRA, 15

U.S.C. § 1681a(c).

3.  Plaintiff, Moises Hernandez ("Hernandez"), is a natural person residing in

Hartford, Connecticut, and he is Ballestas husband.

4.  Defendant Barberino is a Connecticut corporation that operates an

automobile dealership in Hartford, Connecticut.

III.  <u>JURISDICTION</u>

5.   Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

6.  This Court has jurisdiction over the defendant because it is organized under the laws of the state of Connecticut and is located in this state.

7.  Venue in this Court is proper, because the Plaintiffs are residents of Connecticut and the transaction that is the subject of this litigation occurred within this State.

IV. FACTUAL <u>ALLEGATIONS</u>

8.   On or about November 30, 2016, Hernandez visited Barberino and spoke with a salesman named Richard about his interest in purchasing a new 2016 Mitsubishi Outlander (the "Vehicle").

9.  Ballestas was not aware that Hernandez was at Barberino.

10. The Vehicle had a Monroney Sticker on it that listed a manufacturer suggested retail price ("MSRP") of approximately $28,000 – $28,500.

11. Hernandez discussed the sticker price with Richard, who told him that it represented the price for the Vehicle, and Hernandez agreed to buy the Vehicle for that price.

12. Hernandez completed a credit application to apply for financing for the Vehicle.

13. Barberino told Hernandez that he was approved at an interest rate of approximately 9.9%.

14. Hernandez thought that rate was high, and he asked if he could do better if

Ballestas co-signed for the Vehicle.

15. Barberino knew that Ballestas was not present with Hernandez, that she had not applied to Barberino for credit, and that she had not consented to have her credit application pulled.

16. Notwithstanding this knowledge, Barberino asked Hernandez for Ballestas's personal information, which he provided.

17. Barberino utilized this information to access Ballestas's credit report with Experian and Trans Union and possibly other consumer reporting agencies.

18. Based upon the information that it learned from Ballestas's credit reports, Barberino submitted credit applications in Ballestas's name to Capital One Auto Finance ("Capital One"), BCI Financial Group ("BCI"), Chase Auto Finance ("Chase"), Gateway One Lending ("Gateway"), Ally Financial ("Ally"), and possibly other banks and finance companies, even though Ballestas had not applied for credit and had not consented to having her credit report accessed.

19. Following the purported credit applications submitted by Barberino, Capital One and BCI accessed Ballestas's Experian credit report and Chase, Gateway, Capital One, and Ally accessed Ballestas's TransUnion credit report. These and other banks or finance companies may have also accessed other consumer reporting agencies' reports.

20. Capital One informed Barberino, based upon the purported credit application that Barberino had submitted, that it would agree to accept assignment of a retail installment sales contract for the purchase of the Vehicle by Ballestas.

21. Following Capital One's notifying Barberino that it would accept assignment of

a retail installment contract, Barberino informed Hernandez that it could get a lower interest rate for Ballestas, and it asked Hernandez to have Ballestas come to the dealership to sign documents.

22. Hernandez called Ballestas and asked her if she would agree to come to Barberino and sign for the purchase of the Vehicle.

23. This call from Hernandez was the first time that Ballestas learned that Hernandez was shopping for a motor vehicle.

24. Barberino prepared a purchase order and a retail installment contract for the purchase of the Vehicle by Ballestas.

25. The contract documents reflected a cash price of $29,999, which was considerably higher than the sticker price at which Hernandez had agreed to purchase the Vehicle and at which Barberino had agreed to sell the Vehicle.

26. The contract documents included a GAP addendum for $500 and a service contract for $1,500, even though Plaintiffs did not request either add-on, Hernandez had explicitly told Richard that he did not want a service contract and Richard had assured him that none would be included, and even though Plaintiffs did not know what a GAP Addendum was.

27. Barberino failed to provide either Plaintiff with copies of the GAP addendum or the service contract, and Plaintiffs were unaware that they could cancel those contracts and receive a full credit for their price if they did so within a short time after purchase.

28. Barberino removed the Monroney sticker to the Vehicle and, when Hernandez asked for the sticker, he was told that Barberino had thrown it away.

4

## V.  CAUSES OF ACTION

### A.  FAIR CREDIT REPORTING ACT (as to Ballestas only)

29. Ballestas did not authorize Barberino to access her credit report or to submit it to third parties.

30. Barberino violated the FCRA § 1681b(f) when it used or obtained Ballestas credit report without Ballestas authorization and without Ballestas knowledge.

31. For Barberino's willful violations of the FCRA, Ballestas is entitled to actual damages or statutory damages of between $100 and $1,000, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

32. For Barberino's negligent violations of the FCRA, Ballestas is entitled to actual damages plus attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

### B.  CONNECTICUT UNFAIR TRADE PRACTICES ACT

33. Barberino violated CUTPA in the following ways:

   a.  Its violations of the FCRA, as described above;

   b.  It failed or refused to sell the Vehicle to Hernandez at the agreed upon MSRP price;

   c.  It sold the Vehicle for more than the MSRP sticker price without placing any sticker on the Vehicle indicating to the public that a higher price was being asked;

   d.  It told Hernandez that it would not include a service contract in the transaction but nevertheless included one;

   e.  It surreptitiously added the GAP addendum and service contract to the transaction;

f.   It failed to provide Plaintiffs with a copy of the GAP addendum and service contract.

g.   It removed the Monroney sticker from the Vehicle and withheld it from Plaintiffs; and

h.   It conducted the sale in Spanish, and Richard Spoke to Hernandez in Spanish, but it did not utilize Spanish-language contract documents.

34. Plaintiffs maintain common finances, and they have both suffered an ascertainable loss, including the increased Vehicle purchase price, increased sales tax, increased finance charges, and the inclusion of unwanted extras that Plaintiffs neither need nor desire and which they have been unable to cancel.

35. For Barberino's CUTPA violations, Plaintiffs are entitled to damages, and in the discretion of the Court, punitive damages, attorney's fees and costs.

WHEREFORE, Plaintiffs seek actual damages, statutory damages, punitive damages, costs, and a reasonable attorney's fee.

PLAINTIFFS, CLAUDIA BALLESTAS and MOISES HERNANDEZ

By: /s/ Daniel S. Blinn
    Daniel S. Blinn (ct02188)
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com